# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANGELA LOVE,<br>Appellant, | DOCKET NUMBER<br>AT-1221-19-0021-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: January 20, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sterling Deramus</u>, Esquire, Birmingham, Alabama, for the appellant.

<u>Michael Rhodes</u>, Montgomery, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Leavitt recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which granted the appellant's request for corrective action in this individual right of

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

action (IRA) appeal concerning her probationary termination. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The agency appointed the appellant to the position of Diagnostic Radiologic Technician in June 2016. Initial Appeal File (IAF), Tab 1 at 7, Tab 19 at 11, Tab 25 at 137. At her first performance review, the appellant's chain of command rated her as "outstanding." IAF, Tab 25 at 140-42. During the months that followed, the agency relieved her chain of command and installed an Acting Chief of the Radiology Department. IAF, Tab 6 at 18-19, 22-23. In April 2017, the appellant received a cash award for her performance, but the Acting Chief of Radiology terminated her just days later, before the end of the appellant's probationary period. *Id.* at 51-54. The decision cited "unacceptable conduct and performance," without providing any further explanation. *Id.* The appellant filed a complaint with the Office of Special Counsel (OSC), alleging that her probationary termination was the product of retaliation. *Id.* at 22-28; IAF, Tab 17 at 7. OSC ended its investigation in August 2018, and this timely IRA appeal followed. IAF, Tab 1 at 16.

¶3        The administrative judge developed the record and held the requested hearing before granting the appellant's request for corrective action.  IAF, Tab 37, Hearing Recording (HR), Tab 42, Initial Decision (ID).  He found that the appellant exhausted her remedies with OSC and proved that she made one protected disclosure, multiple times, by disclosing that the agency was failing to pay her subordinates for their on-call time.  ID at 12-13.  He also found that the appellant proved that these disclosures were a contributing factor in her probationary termination.  ID at 13-15.  Finally, the administrative judge found that the agency failed to prove that it would have terminated the appellant in the absence of her protected disclosures.  ID at 15-21.

¶4        The agency has filed a petition for review.  Petition for Review (PFR) File, Tabs 1-2.  On review, the agency does not dispute that the appellant exhausted her administrative remedies with OSC and made protected disclosures.  The agency does, however, dispute the administrative judge's findings for the contributing factor criterion.  PFR File, Tab 1 at 11-12.  In the alternative, the agency argues that the administrative judge erred in finding that the agency failed to rebut the appellant's prima facie case of reprisal.  *Id.* at 7-11.  The appellant has filed a response, to which the agency replied.[2]  PFR File, Tabs 4-5.

¶5        Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor

---

[2] In part, the appellant asks that we dismiss the agency's petition for review due to a delay in the agency providing interim relief.  PFR File, Tab 4 at 4-5.  The agency argues otherwise, asserting that the delay was attributable to the appellant and her availability.  PFR File, Tab 5 at 4-5.  Because our final decision on the merits of this appeal render this dispute moot, we need not consider the matter further.  *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 20 (2016).

in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence.[3] *Id.*

¶6        If the appellant proves that her protected disclosure or activity was a contributing factor in a personnel action taken against her, the agency is given an opportunity to prove, by clear and convincing evidence,[4] that it would have taken the same personnel action in the absence of the protected disclosure or activity. *Id.* In determining whether the agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 11 (2010). In addition, the Board is mindful that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established; it is a higher standard than preponderant evidence. 5 C.F.R. § 1209.4(e).

<u>The appellant presented a prima facie case of reprisal.</u>

¶7     Once again, the administrative judge determined that the appellant made disclosures protected by 5 U.S.C. § 2302(b)(8).[5]  IAF, Tab 9 at 2, Tab 16.  He found that the appellant made the same disclosure—that the agency was failing to pay her subordinates for their on-call work—to officials within her chain of command and while testifying before an Administrative Investigation Board (AIB).  ID at 12-13.  As previously stated, the agency does not dispute that the appellant made these disclosures, or that they were protected.  PFR File, Tab 1 at 6.  The administrative judge also determined that the appellant proved the contributing factor criterion.  ID at 13-15. It is this element of the appellant's burden that the agency does dispute.

¶8     The administrative judge's findings concerning the contributing factor criterion were two-fold.  First, for the protected disclosure made outside the context of the AIB, he determined that the appellant proved the contributing factor criterion through the knowledge/timing test.  *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶¶ 18, 21 (2015) (an employee may demonstrate that

---

[5] Prior to December 12, 2017, the whistleblower protection statutory scheme provided that "cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law," is protected. 5 U.S.C. § 2302(b)(9)(C).  However, section 1097(c)(1) of the National Defense Authorization Act of 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, 1618 (2017) amended section 2302(b)(9)(C) to provide that, in addition to the Inspector General of an agency or the Special Counsel, a disclosure to "any other component responsible for internal investigation or review" is also protected.

In a decision issued after the initial decision for the instant appeal, the Board concluded for the first time that, because the NDAA's amendment to section 2302(b)(9)(C) would increase an agency's liability for past conduct, the post-NDAA expansion of section 2302(b)(9)(C)'s coverage could not be given retroactive effect. *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 29-33 (relying on *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994)).  Although the administrative judge did not have the benefit of our decision in *Edwards*, he correctly reached the same conclusion and, therefore, found that the appellant's mere cooperation with the Administrative Investigation Board, before Congress amended section 2302(b)(9)(C), was not protected.  IAF, Tab 16.

a protected disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within 1 to 2 years of the appellant's disclosures). In particular, the administrative judge recognized that the Acting Chief of Radiology acknowledged knowing about the appellant's disclosure, outside the context of the AIB, before she terminated the appellant. ID at 13-14; HR (testimony of the Acting Chief of Radiology).

¶9        Second, for the same protected disclosure made during the AIB, the administrative judge determined that the contributing factor criterion was satisfied through means other than the knowledge/timing test. ID at 14-15; *see Dorney v. Department of the Army*, [117 M.S.P.R. 480](), ¶ 15 (2012) (if an appellant is unable to prove contributing factor through the knowledge/timing test, the Board will consider whether the element is satisfied though other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant). In particular, he found that there was no evidence to satisfy the knowledge prong of the knowledge/timing test for that disclosure, but the contributing factor was nevertheless satisfied based on other circumstantial evidence, such as the facts that the agency terminated the appellant just 2 weeks after the appellant's disclosure to the AIB deposition and that the agency's evidence to support that termination was so poor. ID at 14-15.

¶10       On review, the agency argues that the appellant failed to prove the contributing factor criterion. PFR File, Tab 1 at 11-12. According to the agency, the agency's failure to pay the appellant's subordinates for their on-call time was an issue that predated the tenure of the officials involved in her termination—the Acting Chief of Radiology and a Human Resources official that assisted with the matter. *Id.* The agency, therefore, argues that these officials had no motive to

retaliate for the appellant's disclosures, so the circumstances did not support the administrative judge's finding regarding the contributing factor criterion. *Id.*

¶11 As an initial matter, we note that the agency's argument implicates only the appellant's protected disclosure during the AIB; it has no bearing on the appellant proving the contributing factor through the knowledge/timing test for the same disclosure made outside the AIB. In addition, the agency's argument is little more than a conclusory assertion, without evidence of record identified as support. PFR File, Tab 1 at 11-12. It is, therefore, unavailing. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error); 5 C.F.R. § 1201.114(b) (a petition for review must state a party's objections to the initial decision, including all of the party's legal and factual arguments, and must be supported by specific references to the record and any applicable laws or regulations).

¶12 Separately, we note that the agency has generally identified the contributing factor criterion correctly. PFR File, Tab 1 at 11. Yet, without any substantive argument or explanation, the agency also states that the appellant had the burden of proving that the agency took her probationary termination "<u>because of</u>" her protected disclosures. *Id.* (emphasis in original); *see generally Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 39 (2015) (recognizing that "because of" implicates "but-for" causation), *overruled in part by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-24. To the extent that the agency is suggesting otherwise, we note that the appellant's burden was to prove contributing factor, not "but-for" or any other level of causation. *See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 23 (2014) (explaining that contributing factor is a lesser causation standard than even the motivating factor standard).

¶13    In sum, the agency has not presented any argument regarding the appellant's proof that she made protected disclosures. Although the agency does present arguments regarding the appellant's proof of the contributing factor criterion, those arguments provide no basis for us to disturb the administrative judge's findings about the same.

<u>The agency failed to rebut the appellant's prima facie case of reprisal.</u>

¶14    As stated above, if an appellant proves that she made a protected disclosure and that protected disclosure was a contributing factor in a personnel action, the burden shifts to the agency. *Supra* ¶ 6. The agency must prove, by the heightened clear and convincing standard, that it would have taken the same personnel action in the absence of the appellant's protected disclosure. *Id.*

¶15    For the first *Carr* factor, the strength of the agency's evidence in support of the appellant's probationary termination, the administrative judge found the agency's evidence weak. ID at 16-19. The appellant's termination notice merely cited "unacceptable conduct and performance." IAF, Tab 6 at 53-54. With this appeal, the agency elaborated by describing three reasons for the appellant's termination: absence without leave, failure to follow leave instructions, and disrespectful comments. IAF, Tab 24 at 78. Yet the administrative judge found that the agency provided no evidence to support the first two reasons, and little more than one witness's testimony concerning the third reason and related allegations—testimony that was not credible. ID at 17-19.

¶16    For the second *Carr* factor, the agency's motive to retaliate, the administrative judge indicated that the record was less clear. ID at 19-20. Among other things, he noted that the Acting Chief of Radiology sought the appellant's termination shortly after the appellant's disclosures to the AIB. ID at 19. Additionally, he found that the Acting Chief of Radiology's testimony about the reasons for the termination—reasons such as the appellant's failure to properly greet her arrival on one occasion—made little sense. *Id.* Therefore, the administrative judge determined that these and other considerations suggested

that the Acting Chief of Radiology had some ulterior motive for the appellant's termination, such as her status as a whistleblower. ID at 19-20.

¶17 For the third and final *Carr* factor, evidence that the agency takes similar actions against employees who are not whistleblowers but who are similarly situated, the administrative judge found that the agency failed to provide any comparators. ID at 21. Considering each of the *Carr* factors, together, the administrative judge concluded that the agency failed to meet its burden. *Id.* It failed to prove, by clear and convincing evidence, that it would have terminated the appellant in the absence of her protected disclosures. *Id.*

¶18 On review, the agency argues that the administrative judge erred by pointing to the absence of documentary evidence in reaching his conclusions about the first *Carr* factor, because probationary terminations do not require the documentation and rigor of removals involving tenured employees. PFR File, Tab 1 at 7-9. This argument is unavailing. Whether the appellant was a probationary or tenured employee, it remained the agency's burden to prove, under the heightened clear and convincing standard, that it would have taken the same personnel action in the absence of the appellant's protected disclosures. As the administrative judge correctly acknowledged, the agency almost exclusively relied on the testimony of the Acting Chief of Radiology to meet that burden. ID at 5-8, 16-19. Although this may be attributable to a mistaken belief that it would not have to defend the probationary termination, the agency's failure to document the appellant's alleged shortcomings was at its own peril.

¶19 Regarding that testimony from the Acting Chief of Radiology, the agency suggests that it sufficed to meet the agency's burden. PFR File, Tab 1 at 8-10. However, the administrative judge did not find her testimony credible for various reasons, including witness demeanor and the absence of corroborating evidence. ID at 18-19; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on

observing the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so). The agency indicates that there was corroborating evidence in the form of testimony from the Human Resources official that advised the Acting Chief of Radiology. PFR File, Tab 8-10. Yet the administrative judge found otherwise. ID at 7-8. The administrative judge noted that this Human Resources official had no firsthand knowledge of the appellant's alleged shortcomings and even contradicted the Acting Chief of Radiology on key points, including whether he recommended that the Acting Chief of Radiology terminate the appellant or document her shortcomings beforehand. ID at 7-8, 16-18. Although the agency has directed us to the testimony of these two officials, generally, it has not presented any reason for us to disturb the administrative judge's findings regarding credibility or, more broadly, the strength of the agency's evidence in support of its personnel action.

¶20    The agency separately argues that the appellant failed to present evidence that would counter the testimony of the Acting Chief of Radiology. PFR File, Tab 1 at 8. Once more, the administrative judge did not find the Acting Chief of Radiology credible and it was the agency with the burden of proving that it would have terminated the appellant in the absence of her protected disclosures, not the appellant's burden to prove otherwise. Moreover, as described in the initial decision, the appellant did present some evidence to counter the Acting Chief of Radiology's testimony about her alleged shortcomings. ID at 3-4. Among other things, the appellant presented documentary evidence describing her performance as exceptional, along with similar testimony from multiple third-party witnesses. *E.g.*, IAF, Tab 6, at 51, Tab 25 at 140-42.  .

¶21    Turning to the second *Carr* factor, the agency simply asserts that the Acting Chief of Radiology had no motivation to terminate the appellant, because the appellant's disclosures implicated improprieties that occurred prior to her tenure. PFR File, Tab 1 at 10-11. Yet again, this is little more than a conclusory

assertion. *See supra* ¶ 11. The agency has not identified evidence to establish any specific error in the initial decision regarding the second *Carr* factor. Nor has the agency shown that the administrative judge's conclusion about the *Carr* factors, weighed together, was erroneous.

¶22     Ultimately, the agency's limited arguments on review are unavailing. The agency's petition contains no basis for us to disturb the administrative judge's determination that the agency failed to rebut the appellant's prima facie case of whistleblower reprisal.

**ORDER**

¶23     We ORDER the agency to rescind its probationary termination of the appellant and to restore her, effective April 21, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶24     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶25     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶26     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement

with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶27    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR
COMPENSATORY DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other

reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE PARTIES

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



FOR THE BOARD:                           /s/ for
                                         _____

                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.